UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00201-MR

| GORDON TYRONE MCALLISTER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| PENDER COUNTY JAIL, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

## I. BACKGROUND

In this action filed on September 19, 2022, pursuant to 42 U.S.C. § 1983, pro se Plaintiff Gordon Tyrone McAllister ("Plaintiff"), a pretrial detainee currently detained at Pender County Jail (the "Jail") in Burgaw, North Carolina, purports to bring claims arising out of events occurring at the Jail.[1] Plaintiff names the Jail; Pender County Jail "Medical Staff;" and FNU King, identified as a Captain at the Jail, as Defendants in this matter. [Doc. 1 at 1-2]. Plaintiff alleges his constitutional rights were violated relative to

---

[1] Burgaw, North Carolina, is in the Eastern District.

inadequate medical and dental care at the Jail. [See id. at 4-5]. For injuries, Plaintiff claims to have suffered swollen gums, rotten and decayed teeth, earache, cuts in his mouth, and pain and suffering. [Id. at 5]. For relief, Plaintiff seeks monetary damages and release from custody. [Id.].

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which here is the Eastern District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of North Carolina. The Court will transfer this

action to the Eastern District of North Carolina.

## III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Eastern District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's action is transferred to the Eastern District of North Carolina.

2. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: September 26, 2022

Martin Reidinger
Chief United States District Judge